T. R. SISSON, Sheriff, et al. v. JOSIE DELANEY, et al.

Western Section. October 19, 1928.

No petition for Certiorari was filed.

G. H. Russell, of Jackson, for appellant.
Essery & Dennison, of Lexington, for appellee.

SENTER, J. The original bill filed in this cause alleges in substance that on or about October 24, 1924, there came into the hands of complainant, as Sheriff of Henderson county, an execution issued by a Justice of the Peace in and for said county and State, on a judgment in which Essery & Dennison were complainants, and Hayward Delaney defendant, and that he levied said execution on a Ford touring car as the property of Hayward Delaney. The bill further alleges that prior to this time, M. K. Ricketts had been garnisheed under an execution issued in the same case, and that a judgment had been rendered against the said M. K. Ricketts, the garnishee defendant, for the sum of $100, which amount it is alleged that the said garnishee defendant in his answer stated that he was due and owing to said defendant Hayward Delaney, by note, secured by a mortgage on a Ford car. The bill further alleges that after the rendition of the judgment against the garnishee defendant, and from which no appeal was taken, R. A. Delaney, a brother of Hayward Delaney, made claim of ownership to the $100 note, and

that said amount was owing to him by M. K. Ricketts and not to F. H. Delaney, and that R. A. Delaney replevined the automobile from M. K. Ricketts; that the replevin suit tried before a Justice of the Peace resulted in a judgment in favor of Ricketts, and an appeal was taken to the circuit court. The bill further alleges that Ricketts filed a bill in the chancery court of Henderson county enjoining the suit at law in the circuit court, and that said injunction suit was then pending in the chancery court of Henderson county.

The bill further alleges that both said replevin suits were pending in the circuit court of Henderson county and that complainant is entitled to have the replevin suit of Miss Josie Delaney, pending in the circuit court, enjoined, and the two causes consolidated and tried in the chancery court for reasons and grounds set forth in the bill.

Josie Delaney filed an answer to the bill, and in which she states that she does not know anything about the alleged judgment and execution, but denies that the automobile levied on by the sheriff in satisfaction of the judgment was the property of her brother, F. H. Delaney, and claims that she is the owner of the automobile replevined by her. The transcript in this case is confined to the case of T. R. Sisson, Sheriff, v. Josie Delaney, and does not contain the record in the Ricketts case. However, at a subsequent date the complainants in this cause amended the original bill, by leave of the court, so as to introduce other defendants and to make Essery & Dennison parties complainant. It appears that the amendment to the bill by which new parties were introduced as defendants, sought to reach and have applied a claim of $325 which E. H. Delaney filed against the estate of J. G. Ricketts, deceased, evidenced by a note for that amount, which note had been filed with the clerk of the county court in the name of the defendant, Josie Delaney, but the bill alleged that F. H. Delaney was the true owner and holder of said note. The amendment also prays that the cause of T. R. Sisson, Sheriff, v. Josie Delaney, be consolidated with the cause of Ricketts v. Delaney, then pending in the chancery court. It appears that the court allowed the amendment, and the order of the court is as follows:

"And the court having read said amendment is pleased to and doth allow the same, and the bill will be proceeded with as amended."

At the hearing of the causes separate decrees were entered, but there was no appeal from the decree in the Ricketts case, and hence the transcript was confined to the record in the case of T. R. Sisson, Sheriff, et al. v. Josie Delaney, et al.

At the hearing of the cause the Chancellor determined the issues in favor of the complainant. Since the decree of the Chancellor

contains a finding of the facts, and conclusions reached, we deem it expedient to set out the decree in full, and which is as follows:

"This cause was heard at a former term of this court upon the pleadings and proof, and the argument of counsel, and by agreement of parties taken under advisement until this the 17th day of April, 1928.

"After considering all matters pertaining thereto, the court is of the opinion and so orders, adjudges and decrees that the injunction heretofore granted in this cause should be and the same is hereby made perpetual.

"And it appearing to the court that the bill was filed for the purpose of preventing the multiplicity of suits, and so the whole matters might be settled in this one cause, the bill on that account is sustained by this court, and the complainant granted relief here.

"It further appearing to the court that the real complainants herein, Essery & Dennison, have a judgment against the defendant F. H. Delaney, on H. E. Graper's docket, amounting to $400, bearing date June 9, 1921, and that execution arising therefrom was levied upon a car as the property of the defendant therein, of the value of $400 to satisfy the said execution; that the said car was replevined from the sheriff by the defendant Josie Delaney on the 24th day of October, 1924, giving as security on her replevin bond W. W. Delaney and John Martin; and it appearing from the proof that said car was worth that amount at the time it was replevined, and that it cannot be delivered up now; and it further appearing to the court that all of the parties including the bondsmen on the replevin bond are before the court, and parties to this proceedings, it is ordered, adjudged by the court that the complainant recover of the defendant, Josie Delaney, and W. W. Delaney and John Martin, sureties on her replevin bond, the sum of $400, together with interest thereon since the date of the replevin October 18, 1926, to this date, the interest being allowed in the way of damages for the detention of property, and all the costs of this proceedings and the costs of the circuit court in the case of Josie Delaney v. T. R. Sisson, No. 963, for all of which let execution issue.

"And it further appearing to the court that the defendant F. H. Delaney has filed a certain note amounting to $325 against the estate of J. G. Ricketts, now being administered as an insolvent estate in the County Court of Henderson county, Tennessee, in the name of the defendant Josie Delaney, and that she had in her deposition expressly denied any interest

therein; it is ordered and decreed by the court that said note is the property of the defendant, F. H. Delaney, and liable under this proceedings to the satisfaction of the indebtedness of the said Essery & Dennison, it appearing to the court that the clerk of the county court and A. B. Ricketts, executor of the estate of said J. G. Ricketts, being parties to this suit.

"It is ordered, adjudged and decreed by the court that the said judgment of $400, together with six per cent interest thereon since the 9th day of June, 1921, aggregating $564 and the costs of the suits to be satisfied;

"First, by the application of the net (amount) arising from the Mack Ricketts garnishment proceedings set out in cause No. 1514;

"Second, by applying the net amount arising from the above mentioned $400 replevin bond and interest thereon.

"Third, by the application of the amount arising from the note filed in the administration of the J. G. Ricketts estate set out above.

"Any money arising from said three sources remaining after the satisfaction of said amounts, and all costs as indicated, will be paid over to the parties entitled thereto."

From the above and foregoing decree the defendant Miss Josie Delaney, prayed and was granted an appeal to this court.

On May 16, 1928, F. H. Delaney, Josie Delaney, and R. A. Delaney filed a petition, purporting to be filed in the consolidated causes of T. R. Sisson, Sheriff, v. Josie Delaney, and Mack Ricketts et al. v. F. H. Delaney, Trustee, et al. This petition states that it is a bill or a petition for a writ of error coram nobis to the chancery court of Henderson county. This petition is also referred to as a bill for review. It recites that the decree of April 17, 1928, was pronounced against them in the consolidated causes in favor of Essery & Dennison against the petitioners. The petition avers that the alleged judgment of Essery & Dennison against F. H. Delaney on the docket of H. E. Graper for the sum of $400, and upon which the decree of the Chancellor was based, was a mistake and entered through a mistake; that H. E. Graper, the Justice of the Peace on whose docket the judgment appeared, is dead, and that he is unable therefore to correct or remedy said mistake. The petition then sets out in detail the alleged circumstances under which said judgment was obtained, and that after the suit was instituted in the Justice of the Peace Court before H. E. Graper, that his attorney and the attorney for Essery & Dennison agreed to a continuance of the case, and that the parties and witnesses would be notified when the case was set for hearing, and that the case was continued indefinite-

ly. The petition then recites that "through mistake" said H. E. Graper entered said judgment as of said date and said F. H. Delaney and his counsel had no knowledge or notice of same, had no day in court or opportunity to present their side of the case, had no knowledge of said judgment and no opportunity to appeal, stay, certiorari, or take any other steps. After further elaborate statements contained in the petition, the petition prays that Essery & Dennison be served with process requiring them to defend the petition; that supersedeas issue to stay all further proceedings on the decree and on the execution, or that a restraining order be made to the same effect; that in the event the petitioners are mistaken as to their rights to a writ of error coram nobis being proper in the cause, that said decree be reviewed, reversed and set aside, and that said bill be dismissed.

The Chancellor overruled and disallowed the petition. To this action of the court the petitioners F. H. Delaney, Josie Delaney, and R. A. Delaney, excepted and prayed an appeal to this court and have executed an appeal bond.

It will be observed that from the decree of the Chancellor, the defendant Josie Delaney alone prayed and was granted an appeal. From the action of the court in overruling and disallowing the petition of the petitioners they all excepted and prayed an appeal, but their appeal is only from the action of the court in overruling and disallowing the petition for a writ of error coram nobis and for a review of the decree in the cause.

Numerous assignments of error have been filed. We will not undertake to consider the several assignments of error separately. We are of the opinion, however, that the Chancellor was not in error in overruling and disallowing the petition for a writ of error coram nobis, or for a review of the decree. The petition was in effect an attack upon the judgment rendered against F. H. Delaney by H. E. Graper, a Justice of the Peace. This came too late. During the entire proceedings there was no attack or denial with reference to the judgment of $400. The whole attack was brought forward for the first time by the petition.

By other assignments of error it is insisted that the transcript does not show that there was a judgment ever rendered in favor of Essery & Dennison for $400 or any other amount against F. H. Delaney, and that the transcript does not contain the execution alleged to have been levied on the automobile and by garnishment on Ricketts. We find in the record a certified copy of the execution, but it is contended by appellant that this execution was evidence in the Ricketts case and not in the Josie Delaney case, and that there is no order in the record consolidating the two causes. We

find that the amended bill prayed for the issuance of process against the new defendants, and also prayed that the two causes be consolidated, and the amendment was allowed. It appears from the decree of the Chancellor that all the matters were heard and considered 'by him, and we think it clear that the parties proceeded throughout the litigation on the assumption that the two causes were consolidated and tried together, but with separate decrees. No question was made at any time during the trial that there was no evidence of the judgment and the execution. It is made for the first time in this court. Under the settled rule we think the objection comes too late. However, the petition filed by the defendants specifically recites the judgment rendered by H. E. Graper, Justice of the Peace, and states that the decree of the Chancellor was based upon that judgment. The certified copy of the execution contained in the record shows that it was in the consolidated cases. The assignments of error based upon these matters must be overruled and disallowed.

Other assignments of error are directed to the decree of the Chancellor in holding that the automobile levied on and replevined by Josie Delaney was the property of F. H. Delaney. It is contended under these assignments that there is no proof in the record that the automobile was the property of F. H. Delaney.

The principal issue was with reference to the ownership of this automobile, and without reviewing the evidence, we fully concur in the conclusion reached by the Chancellor that by a preponderance of the evidence, the automobile in question was the property of F. H. Delaney, and not the property of Josie Delaney.

We find no error in the decree of the Chancellor or in the action of the Chancellor disallowing the petition. It results that all assignments of error are overruled, and the decree of the Chancellor is affirmed. The cause will be remanded to the chancery court of Henderson county, to the end that the decree of the Chancellor may be carried out. Appellants and sureties on the appeal bond will pay the cost of this appeal.

Owen and Heiskell, JJ., concur.